IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS RYAN BURCZYK,)
)
     Plaintiff,)
)
 -vs-) Civil Action No. 15-1421
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
     Defendant.)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Nicholas Burczyk ("Burczyk") appeals an ALJ's denial of his claim for a period of disability and disability insurance benefits ("DIB"). Burczyk alleges a disability beginning April 29, 2012 due to, among other things, psychosis, depression and dysthymic disorder. (R. 12) Following a hearing and consultation with a vocational expert, the ALJ denied his claim, concluding that he retained the residual functional capacity ("RFC") to perform medium work with some restrictions. (R. 14-19) Burczyk appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos*. [7] and [9]. After careful consideration and for the reasons set forth below, this case is affirmed.

### Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. Appropriate Consideration

Burczyk first argues that the ALJ "did not place appropriate consideration of the records of the Veterans Administration, Camp Lejeune and reports from treating therapists, VA records, family statements and a review of all records." *See ECF Docket No*. [8], p. 3. According to Burczyk, "[a] proper consideration would grant Social Security disability benefits." *Id.*

Burczyk misapprehends the basis for review. The standard before me is not whether there is evidence to support Burczyk's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989); *see also Young v.*

*Colvin*, Civ. No. 15-103, 2016 WL 791932 at * 2 (W.D. Pa. March 1, 2016). Burczyk has not presented any cogent argument that the ALJ's decision was not supported by substantial evidence of record. He makes a vague reference to injuries suffered at Camp Lejeune, and passing references to his social worker Ms. Dorich's opinion. *See ECF Docket No*. [8], p. 6. Yet there is no analysis of how the ALJ's reasoning was faulty or without substantial support. Burczyk's argument is entirely misplaced.

Nonetheless, I have reviewed the record and based on the same, I find that the ALJ appropriately considered the evidence of record and conclude that there is substantial evidence of record to support the ALJ's conclusions. As set forth below, the ALJ was not required to give the rulings by the Veteran's Administration dispositive effect. Additionally, the ALJ's decision to give the letter written by Ms. Dorich only "some weight" is supported by substantial evidence."[1] As the ALJ noted, although Dorich did see Burczyk multiple times, her opinion was inconsistent with the other VA records indicating normal mental status examinations "with normal thought processes, grossly intact memory and encouragement to work with the vocational counselors to return to work." (R. 18) Further, as the ALJ noted, Dorich's opinion was also inconsistent "with the normal neuropsychological evaluation from October of 2011 showing no cognitive deficits." (R. 18) Moreover, Dorich's opinion was inconsistent with the only treating physician's opinion on the record. Dr. Fetchko opined that Burczyk's impairments did not prevent him from working. (R. 412-414) The ALJ appropriately gave Dr. Fetchko's opinion great weight because it was consistent with the record as a whole. (R. 18) Consequently, I find no error in this regard.

---

[1] As a licensed social worker, Dorich is not an "acceptable medical source" under the Social Security regulations. Rather, she falls under the category of an "other source" 20 C.F.R. § 404.1513(a) and (d). Consequently, while her opinion may be used to show the severity of Burczyk's impairment and how it affects his ability to work, it cannot be used to establish the *existence* of the impairment itself. *Id*. See also, Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at * 1-2 (S.S.A. Aug. 9, 2006).

3. Veteran's Administration Disability Rating

Burczyk also argues that the ALJ failed to give due consideration to the finding of 100% disability by the Veteran's Administration ("V.A.").[2] A decision rendered by the VA is relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler*, 776 F.2d 1130, 1135 (3d Cir. 1985) Of course, a decision by another governmental agency that an individual is disabled is not binding upon the ALJ. *See* 20 C.F.R. § 404.1504; § 416.904. *See also, Pratts v. Comm'r. of Soc. Sec.*, Civ. No. 13-2372, 2015 WL 5139148 at * 14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue*, Civ. No. 10-839, 2011 WL 4737605 at * 5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart*, 448 F. Supp.2d 595, 604 (D. Del. Sept. 15, 2006), *quoting, Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). It is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'" *Pratts v. Comm'r. of Soc. Sec.*, Civ. No. 13-237, at * 15 (D. N.H. Sept. 1, 2015) (internal citations omitted)

Here, the ALJ gave the VA's rating of 100% disability "little weight." (R. 19) The ALJ explained that:

> Although the claimant may not be able to return to his military service work and suffered the impairments while on duty due to the nature of his catatonic symptoms, it does not preclude work within the definition of the Social Security Disability system. The Disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the

---
[2] Burczyk was awarded a "100% military service related disability based on his psychosis." (R. 19)

claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as required by the Regulations. In addition, the overall evidence of record shows improvement in symptoms.

(R. 19)

After careful review, I find no reversible error here. The record clearly indicates that the ALJ considered the VA's determination. (R. 19) She gave it a reduced weight in part because of the fundamental differences in the determination processes between the Social Security Administration and the Department of Veterans Affairs. Other courts have detailed these significant differences and found them to be persuasive in this regard.[3] *See McLeary v. Colvin*, Civ. No. 25-172, 2016 WL 791581 (M.D. Pa. March, 1, 2016) (explaining that the "VA disability rating process is substantively different from the social security disability determinations," detailing those differences and therefore concluding that "Third Circuit precedent does not mandate substantial weight to be given to VA disability determinations"); and *Durden v. Colvin*, Civ. No. 15-118, 2016 WL 836627 (M.D. Pa. Jan. 25, 2016) (explaining the significant differences between SSA disability determination requirements and the VA's approach to disability determinations). Yet the ALJ did not base her denial of benefits solely upon the difference in standards. Instead, the ALJ explained that "the overall evidence of record shows improvement in symptoms without recurrence of his catatonic symptoms and is not consistent with disability under the Social Security Disability regulations." (R. 19) Substantial evidence of record supports this conclusion. (R. 471: Dr. Fetchko diagnosing Burczyk's

---

[3] For instance, as detailed in *Solomon v. Colvin*, Civ. No. 12-1406, 2013 WL 5720302 at * 15-16 (D. Del. Oct. 22, 2013), whereas the VA's disability system is non-adversarial and pro-claimant, the Social Security disability process is non-adversarial but not pro-claimant. The claimant bears the burden to demonstrate that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) and *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) (stating that "[The Federal Circuit] and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly unique and pro-claimant."). Additionally, the Social Security Administration considers factors such as a claimant's age, education, and work history and employs medical-vocational guidelines. *Solomon*, 2013 WL 5720302 at * 16.

psychosis as being in remission); (R. 489: Burczyk voicing "no acute concerns" about his mental health and denying depression and mood swings); (R. 507: Burczyk responding well to Prozac); (R. 16: Burczyk's activities of daily living were at odds with a finding of disability). The ALJ's decision to accord "little weight" to the VA's decision should be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS RYAN BURCZYK,    )
                                          )
      Plaintiff,                )
                                          )
  -vs-                             )         Civil Action No. 15-1421
                                          )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY,   )
                                          )
      Defendant.              )

AMBROSE, Senior District Judge.


## ORDER OF COURT


Therefore, this 31st day of May, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.


                                          BY THE COURT:

                                          /s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge